**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ALEX ARMSTRONG, #18106**                                      **PLAINTIFF**

**VERSUS**                      **CIVIL ACTION NO. 4:09-cv-114-TSL-LRA**

**CHRISTOPHER EPPS, et al.**                                  **DEFENDANTS**

<u>MEMORANDUM OPINION and ORDER</u>

Plaintiff Armstrong, an inmate of the Mississippi Department of Corrections (MDOC), incarcerated at the East Mississippi Correctional Facility (EMCF), Meridian, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are: Christopher Epps, Commissioner of MDOC; Dale Caskey, Warden of EMCF; Lynette Jordan, Director of Classification for MDOC; Kino Reese, Unit Manager at EMCF; Bart Grimes, Warden of Security at EMCF; D. Smith, Captain at EMCF; Robert Grubb, Major at EMCF; and Ron Williams, contract monitor at EMCF.

The plaintiff was issued and found guilty of a prison rule violation report (RVR) for assaulting any person, by the specific act of fighting with another offender on February 19, 2009. The plaintiff complains that as a result of this RVR and imposition of guilt he was housed in administrative segregation for seven months and his custody level was dropped from "B" to "C".[1] The

---

[1] MDOC has a custodial classification system based on 4 main designations, with "A" custody affording the most privileges to an inmate and "D" custody providing the least amount of privileges to an inmate. *Mississippi Department of Corrections*

bulk of plaintiff's claims revolve around the variation in a detention notice he received on February 19, 2009, and one he received on June 29, 2009. The first detention notice dated February 19, 2009, states that plaintiff "did engage in a fight with offender Geoffery Kelly." *Resp*. [19], p.12. The detention notice dated June 29, 2009, identifies the plaintiff as the attacker who used a home made knife to cause serious bodily harm to offender Kelly. *Id*. at 13. Plaintiff alleges that, since he was the victim of the stabbing, these documents are falsified which resulted in his improper placement in segregation. Plaintiff complains that his constitutional rights as well as MDOC policy and procedure have been violated by each defendant for their alleged involvement in the issuance of the RVR and resulting punishment. As relief, plaintiff is requesting monetary damages.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The court has

---

*Inmate Handbook* (Rev.1999), Chapter I, pg. 4-5.

permitted the plaintiff to proceed *in forma pauperis* in this action; thus his complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983 the plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States and that the person depriving plaintiff of this right acted under color of any statute of the State. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), c*ert. denied*, 510 U.S. 820 (1993). For the reasons stated below, the court has determined that plaintiff's allegations do not rise to the level of a constitutional deprivation.

It is well settled that a prisoner does not have a constitutional right to receive a certain custodial classification while incarcerated. *Meacham v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995)(a prison inmate does not have a protectable liberty interest in his custodial classification); *see also Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393, 162 L.Ed.2d 174 (2005)("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement."). The classification of the

plaintiff in "C" custody level or segregation is not an "atypical and significant hardship", which would give rise to a protected liberty interest. *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *see Hernadez v. Velasquez*, 522 F.3d 556, 562-63 (5th Cir. 2008)(demonstration of "extraordinary circumstances" required to maintain a due process challenge to a change in custodial classification); *see also Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003)(case remanded to determine if lock-down status for thirty years was "atypical" under *Sandin*). The United States Court of Appeals for the Fifth Circuit applying *Sandin* has held that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996)(*quoting Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995)). Furthermore, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997). As such, the court finds that plaintiff has failed to state a viable Due Process claim regarding the complained of rule violation report and resulting reduction in his classification level.

The plaintiff also complains that MDOC policy and procedure was violated when he was found guilty of this rule violation

report.  This allegation, without more, simply does not rise to a level of constitutional deprivation.  *Jones v. Hudnell*, 210 Fed. App'x. 427, 428 (5th Cir. 2006)("A violation of prison regulations, without more, does not give rise to a federal constitutional violation.")(*citing Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)).  The law is clear that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process."  *Stanley v. Foster,* 464 F.3d 565, 569 (5th Cir. 2006)(*citing Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996)).

In sum, the plaintiff does not have a constitutionally protected right to be placed in a certain custody level or general population while in prison and the defendants' decision to place the plaintiff in a custody level different from the custody level he would choose for himself does not amount to a constitutional violation.  *See Hernadez*, 522 F.3d at 562 (citations omitted) (prison officials should be accorded the "widest possible deference" in classifying prisoners).

## CONCLUSION

As explained above, the plaintiff does not have a constitutional right to a certain custodial classification level while in prison.  Therefore, since the plaintiff has failed to state a claim upon which relief may be granted, this complaint is

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice.

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[2]  If the plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A final judgment will be entered in accordance with this memorandum opinion and order.

SO ORDERED this the 10th day of November, 2009.

    /s/Tom S. Lee
    UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."